# United States Court of Appeals for the Tenth Circuit
## OFFICE OF THE CLERK
### Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 7 2006

GREGORY C. LANGHAM
CLERK

June 6, 2006

Mr. Donald Jack Priest
Fort Lyon Correctional Facility
#48170
P.O. Box 1000
Fort Lyon, CO 81038

Mr. John W. Suthers
Attorney General
State of Colorado
Department of Law
1525 Sherman Street, 5th Floor
Denver, CO 80203

Re:     06-1232, Priest v. McGoff
        Dist/Ag docket:  88-CV-731 JRC

Dear Counsel and Appellant:

Enclosed is a copy of an order entered today in this case.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk, Court of Appeals

By:
        Deputy Clerk

clk:klp

cc:
        Gregory C. Langham, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

DONALD JACK PRIEST,

      Petitioner,

v.

R. MARK McGOFF,

      Respondent.

No. 06-1232



A true copy
Teste

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit

By _____
Deputy Clerk

ORDER
Filed June 6, 2006

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Petitioner Donald Jack Priest has filed a motion for leave to file a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 & 2254, which we construe as a motion for permission to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b). Mr. Priest's motion and attachments indicate that he attempted twice to file a habeas petition in the federal district court. Both times his case was dismissed for failure to exhaust state-court remedies. Consequently, neither of Mr. Priest's previous attempts to file a habeas petition counts as a "prior application" under 28 U.S.C. § 2244(b)(1). *Moore v. Schoeman*, 288 F.3d 1231, 1236 (10th Cir. 2002). Because he has not filed a "prior application,"

Mr. Priest does not need permission from this court to file a habeas petition with the district court.

Mr. Priest represents that his state-court remedies were exhausted in May of 2005, when the Colorado Supreme Court denied his petition for a writ of certiorari. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding applicant must satisfy the requirement to exhaust state-court remedies by giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). His motion was filed in this court on April 14, 2006. On April 20, 2006, the clerk sent him a letter asking him to clarify the relief he sought and inviting him to file a motion to file a second or successive habeas petition on the form provided. Mr. Priest did not respond. If the district court determines that any habeas petition Mr. Priest files is time-barred under 28 U.S.C. § 2244(d), it may consider whether equitable tolling is appropriate. *See Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (discussing circumstances for equitably tolling one-year limitations period for filing habeas petition, including "when a prisoner actively pursues judicial remedies but files a defective pleading

during the statutory period"). We take no position on whether Mr. Priest is entitled to equitable tolling.

DISMISSED.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

By:

Deputy Clerk